IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO. 2:99-00215

KIRK BAXTER

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Reduction of Sentence pursuant to the First Step Act of 2018. *Eligibility Mem.*, ECF No. 65. For the reasons set forth below, the Court **GRANTS** the motion.

## I. BACKGROUND

On October 5, 1998, Defendant was arrested and found in possession of fifty grams of cocaine base, or "crack." *Id.* at 5. Eleven months later—on November 3, 1999—a grand jury returned a single-count indictment charging Defendant with possession with the intent to distribute a quantity of crack in violation of 21 U.S.C. § 841(a)(1). *Resp.*, ECF No. 70, at 1. Defendant subsequently entered into a plea agreement with the government and pleaded guilty to the charge. *Eligibility Mem.*, ECF No. 65, at 2.

Based upon "a May 1, 1986 conviction for Attempted Second Degree Burglary in Brooklyn, New York . . . and on a January 24, 1992 conviction for possession with intent to deliver in Baltimore, Maryland," Defendant was "determined to be a career offender under U.S.S.G. § 4B1.1(A)." *Id.* Under section 4B1.1(A), Defendant's base offense level was calculated at thirty-seven. *Id.* Unfortunately for Defendant, his conduct-based offense level was one point higher than that provided by the career offender enhancement; as over 1.5 kilograms of crack were attributed

to him for sentencing purposes, his base offense level was calculated at thirty-eight. *Resp.*, at 2. With a two-level enhancement for possession of a firearm and a four-level enhancement for an aggravating role, his offense level increased to forty-four. *Id.* After a three-level decrease for acceptance of responsibility, Defendant's total offense level landed at forty-one. *Id.* With a criminal history category of VI, the sentencing court determined the *mandatory* "guideline range to be 360 months to life." *Id.*

On June 12, 2000, Defendant was sentenced to the Guideline minimum of 360 months imprisonment and five years supervised release. *Id.* Since then, he has received no reductions in his sentence. *Id.* He has adjusted relatively well to federal custody; while he has accumulated several sanctions, he has also completed two drug programs and is enrolled in classes to obtain his GED.[1] *Probation Mem.*, at 4. He is projected to be released on July 4, 2026. *Eligibility Mem.*, at 3.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," which triggers a mandatory

---

[1] Information related to Defendant's institutional adjustment—including his progress in educational courses and any sanctions—are drawn from the Bureau of Prison's SENTRY inmate management system.

minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible for a reduction in sentence, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[2] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* While a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.* The First Step Act therefore represents a broad grant of authority to the federal courts.

Courts in this district and throughout the Fourth Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b).[3] *United States v. Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *4 (E.D. Va. July 11, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

However, courts are not limited by § 3582(c)(1)(B). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. *The First Step Act,* § 404(b). Reading the

---

[2] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

[3] The U.S. Attorney's Office for the Southern District of West Virginia contends that the appropriate mechanism is 18 U.S.C. §3582(c)(2). This cannot be the case, as § 3582(c)(2) permits reductions when the Sentencing Commission has reduced the sentencing range subsequent to a defendant's sentencing. Here, the sentencing changes are not the result of the Commission's revisions, but Congress's enactment of a new statute. *See United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. April 15, 2019).

word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Therefore, the First Step Act grants courts statutory authority to conduct a full resentencing, in addition to the discretion to decide when doing so is appropriate. *See Wright*, 2019 WL 3046096, at *4. Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing. *See id.* at *5. It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.

When considering the statutory authority under the First Step Act, federal courts presume Congress acts in the context of relevant case law. *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000). The Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *United States v. Booker*, which held that mandatory guideline ranges are unconstitutional. 543 U.S. 220, 244–45 (2005). While *Booker* is not retroactively applied on a collateral attack, a court may now vary outside of the guideline range if it chooses to conduct a full resentencing. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This includes variances based on policy disagreements with the Sentencing Guidelines. *See Kimbrough v. U.S.*, 552 U.S. 85 (2007).

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to

no impact on the defendant's decision to plea. *See U.S. v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99 (2013). In the context of First Step Act cases, this is true whether a court is conducting a full resentencing or not. *See*, *e.g.*, *United States v. Smith*, 379 F.Supp.3d 543, 546–47 (W.D. Va. May 13, 2019). Due to the constitutional considerations, this Court—along with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

## III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

Here, Defendant was charged with possession with the intent to distribute an unspecified quantity of crack; as such, he is subject to the statutory sentencing provisions outlined in 21 U.S.C. § 841(b)(1)(C). That not less than 1.5 kilograms of crack were attributed to Defendant for sentencing purposes is irrelevant to this analysis, as is the fact that he was discovered with fifty grams of crack when he was arrested on October 5, 1998. *See Alleyne*, 570 U.S. at 102. This reasoning is consistent with that employed by other courts in this circuit. *See*, *e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543 (W.D. Va. 2019); *United States v. Springs*, No. 3:05-cr-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. Jul. 23, 2019).

When Defendant was originally sentenced, he faced a statutory sentencing range of ten years to life imprisonment. *Eligibility Mem.*, at 5. Today, however, the unspecified amount of crack charged in Defendant's indictment would expose him to a statutory maximum sentence of twenty years imprisonment and three years of supervised release. *See* 21 U.S.C. § 841(b)(1)(C). This reduced statutory maximum also affects the Court's calculation of Defendant's guideline range. Before analyzing this updated guideline range, however, the Court is compelled to address Defendant's argument that he is no longer a career offender. He advances this argument on two grounds: that his 1986 and 1992 arrests are too old to count as predicates, and that his 1986 attempted second-degree burglary conviction no longer counts toward the career offender enhancement.

Put simply, Defendant's first argument is incorrect. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Here, Defendant was deemed a career offender because of "a May 1, 1986 conviction for Attempted Second Degree Burglary in Brooklyn, New York . . . and . . . a January 24, 1992 conviction for possession with intent to deliver in Baltimore, Maryland," *Eligibility Mem.*, at 2. Defendant's argument that the enhancement would no longer apply if he were resentenced is apparently based on section 4A1.2(e)(1) of the Guidelines, which provides a fifteen-year ceiling for offenses that count toward the career offender enhancement. Defendant is right to look to this section of the Guidelines for direction, *see* U.S.S.G. § 4B1.2, comment. (n. 3), but is wrong to assume that it limits his exposure to the career offender enhancement. This is because the fifteen-

year period tracks backward from the "*commencement of the instant offense*," not from the day of sentencing. U.S.S.G. § 4A1.2(e)(1) (emphasis added). It follows that a full resentencing would not change the fact that Defendant qualifies as a career offender under section 4B1.1(a).

In considering Defendant's second argument, the Court is mindful that a clear majority of courts has held that a plenary resentencing is not required under the First Step Act. *See United States v. Jones*, No. 7:07-cr-84, 2019 WL 3767474, at *6 (E.D. Va. Aug. 9, 2019) (collecting cases). Based on changes to the career offender guideline contained in Amendment 798, Defendant contends that his second-degree burglary conviction no longer counts towards his career offender status. *See* United States Sentencing Comm'n, United States Sentencing Manual Suppl. App. C, Amend. 798, at 118–-24 (Nov. 1, 2018). While this is true enough, the Court sees no basis to revisit the issue of Defendant's career offender status under an *advisory* Guideline regime. *See Booker*, 543 U.S. at 244–45. The Court has historically addressed any disproportionate effects of the career offender guideline with limited downward variances. Here, it is within the discretion of the Court to consider whether Amendment 798 should impact the extent of a reduction in Defendant's sentence. However, no language—either in the First Step Act or in the growing body of case law surrounding it—compels the Court to revisit every aspect of Defendant's original sentence.

The Court thus turns to an updated calculation of Defendant's guideline range. As a career offender with a twenty-year maximum sentence, Defendant's base offense level is thirty-two. As at his original sentencing, he receives a six-level increase pursuant to two enhancements and a three-level decrease based on his acceptance of responsibility. This results in a total offense level of thirty-five. With a criminal history category of VI, Defendant's advisory guideline range would be 292 to 365 months imprisonment. The Court's analysis does not end here, however. Under section 5G1.1(a) of the Guidelines, "[w]here the statutorily authorized maximum sentence is less

than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Although 1.5 kilograms of cocaine were attributed to Defendant at the time of his sentencing, this quantity was never proven to a jury or pleaded to by the defendant. Defendant thus defaults to a Class C felony pursuant to 21 U.S.C. § 841(b)(1)(C), and that provision's twenty-year maximum replaces the Court's foregoing calculation of Defendant's guideline range.[4]

Based on the issues present in this case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the revised guideline range, the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court imposes a reduced sentence of 240 months of imprisonment, but no less than time served, to be followed by three years of supervised release. This Order in no way alters any other aspect of the Court's previous judgment in this case.

### IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to reduce sentence under the First Step Act, ECF No. 65, and **ORDERS** that his sentence be **REDUCED** to 240 months imprisonment, but no less than time served, and three years of supervised release. The Court further **ORDERS** any good time credit and the revised release date be calculated within **fourteen days** of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States

---

[4] 21 U.S.C. § 841(b)(1)(C) also carries a mandatory minimum three-year term of supervised release.

Marshals Service.

        ENTER:       October 31, 2019

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE